Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MILAGROS VARGAS PAGÁN<br><br>Apelante<br><br><br>V.<br><br><br>CARLOS RIVERA RÍOS<br><br>Apelado | KLAN202400948 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: UT2019CV00277<br><br>Sobre: Sentencia Declaratoria, Rectificación de Cabida, Injunction Permanente, Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 15 de noviembre de 2024.

El 21 de octubre de 2024, compareció ante este Tribunal de Apelaciones, la señora Milagros Vargas Pagán (en adelante, señora Vargas Pagán o parte apelante), mediante recurso de apelación. Por medio de este, nos solicita que revisemos la *Sentencia* emitida el 18 de septiembre de 2024, y notificada el 20 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Utuado. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la desestimación de la *Demanda*, y ordenó su archivo con perjuicio.

Por los fundamentos que adelante se exponen, se desestima el recurso de epígrafe por falta de jurisdicción.

### I

Según surge de la *Sentencia* apelada, el 14 de julio de 2024, la parte apelante presentó una *Demanda* sobre sentencia declaratoria, rectificación de cabida, interdicto permanente y daños

y perjuicios, en contra del señor Carlos Rivera Ríos (en adelante, señor Rivera Ríos o parte apelada).

Así las cosas, el 18 de septiembre de 2024, el Tribunal de Primera Instancia emitió la *Sentencia* cuya revisión nos ocupa, donde esbozó dieciocho (18) determinaciones de hechos. Consecuentemente, declaró No Ha Lugar la *Demanda* interpuesta por la señora Vargas Pagán, al amparo de la Regla 39.2 de Procedimiento Civil, y ordenó el archivo con perjuicio de esta.

En desacuerdo, la parte apelante acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

- Erró el tribunal de Primera Instancia de Utuado al desestimar la presente causa de acción al amparo de la Regla 39.2(c) de Procedimiento Civil de Puerto Rico.

- Erró el Tribunal de Primera Instancia de Utuado al no tomar en cuenta la descripción de los linderos de la propiedad de la parte apelada para establecer los límites de la cabida de la propia finca de la parte apelada, Rivera Ríos.

- Erró el Tribunal de Primera Instancia de Utuado al establecer como lindero el saltillo de la quebrada como lindero de la propiedad de la parte apelada, Rivera Ríos sin poseer justo título.

- Erró el Tribunal de Primera Instancia de Utuado al no tomar en cuenta el contenido ni la descripción de las propiedades descritas en las escrituras públicas, que fueron incluso estipuladas en el juicio, para establecer que la propiedad inmueble de la parte apelante Milagros Vargas queda al ESTE de la propiedad inmueble de la parte apelada.

Mediante *Resolución* emitida el 24 de octubre de 2024, y notificada el 25 de octubre de 2024, le ordenamos a la parte apelante acreditar en o antes del jueves 31 de octubre de 2024, haber notificado copia del recurso de epígrafe a la parte apelada, conforme a la Regla 13 (B) del Reglamento de este Tribunal, y al Tribunal de Primera Instancia, de acuerdo a lo dispuesto por la Regla 14 de las Reglas del Tribunal de Apelaciones. De igual manera, le ordenamos a la parte apelante someter tres copias impresas del apéndice del recurso para la misma fecha. Le apercibimos que, el

incumplimiento con lo ordenado, daría lugar a la desestimación del recurso.

Transcurrido el término concedido sin que la parte apelante acudiera ante este foro en cumplimiento con lo ordenado, procedemos a resolver.

**II**

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, supra, pág. 107; *Íd. Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Souffront v.*

*AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[1], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, supra, pág. 290, *Arriaga v. FSE*, 145 DPR 122, 130 (1998).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). El Reglamento del Tribunal de Apelaciones, en su Regla 13(A) dispone que, las apelaciones contra las sentencias dictadas en los casos civiles por los foros de instancia

---

[1] 4 LPRA Ap. XXII-B, R. 83.

deberán presentarse dentro del término jurisdiccional de treinta (30) días contados a partir del archivo en autos de una copia de la notificación de la sentencia. Bajo este supuesto, respecto a la notificación del recurso de apelación a las partes, la Regla 13(B) del Reglamento del Tribunal de Apelaciones, *supra*, dispone lo siguiente:

> (1)  Cuándo se hará
>
> La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo este un término de estricto cumplimiento.
>
> La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.[2]

De igual manera, sobre la notificación del recurso de apelación al Tribunal de Primera Instancia, la Regla 14 (B) del Reglamento de este Tribunal expresa:

> *Regla 14 – Presentación y Notificación*
>
> (A)  […]
>
> (B)  De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la Sentencia apelada, dentro de setenta y dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto.
>
> […]

Según puede observarse, los términos antes dispuestos son de cumplimiento estricto. Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group*, supra, pág. 92, lo siguiente:

---

[2] 4 LPRA Ap. XXII-B, R. 13(B).

Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia,* 184 D.P.R. 393 (2012). Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.* pág. 403.

Dicha norma fue reiterada posteriormente, en *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 170 (2016), al indicar que "los tribunales *no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente*"[3].   En el aludido caso[4], el Tribunal Supremo dispuso lo siguiente:

[E]l foro adjudicativo tiene discreción para extender un término de cumplimiento estricto solo cuando la parte que lo solicita demuestra justa causa para la tardanza. Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido.[5] En conformidad con esto, nuestra última instancia judicial ha reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las condiciones siguientes: (1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida.[6] (Énfasis nuestro).

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo [...] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". *Pueblo v. Fragoso Sierra*, 109 DPR 536, 539 (1980).  Con respecto al requisito de justa causa, en *Soto Pino v. Uno Radio Group,* supra, nuestra Alta Curia reiteró que la justa causa se acredita mediante explicaciones "concretas y particulares, -debidamente evidenciadas en el escrito-

---

[3] *Soto Pino v. Uno Radio Group,* supra, pág. 93.
[4] *Rivera Marcucci et al. v. Suiza Dairy*, supra, pág. 171.
[5] *Soto Pino v. Uno Radio Group,* supra, pág. 92.
[6] *Id.*, pág. 93.

que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". *Soto Pino v. Uno Radio Group*, supra pág. 93 citando a *Febles v. Romar*, 159 DPR 714, 720 (2003).

Por otro lado, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de apelación en casos civiles, la Regla 16 del Reglamento de este Tribunal, en su inciso (E), dispone lo siguiente:

*Regla 16 – Contenido del escrito de apelación en casos civiles*

(E) Apéndice

(1)   El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, incluirá un Apéndice que contendrá una copia literal de:

(a)   las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;

(b)   [...]

(c)   toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar un escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;

(d)   toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;

(e)   cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.[7]

Por tanto, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de

---

[7] 4 LPRA Ap. XXII-B, R. 16(E).

poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[8] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[9]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso de epígrafe. Veamos.

Según reseñáramos, la parte apelante presentó su recurso el 21 de octubre de 2024. Mediante *Resolución* emitida el 24 de octubre de 2024, le ordenamos a la señora Vargas Pagán acreditar en o antes del 31 de octubre de 2024 haber notificado copia del recurso a la parte apelada y al Tribunal de Primera Instancia conforme a las Reglas 13 (B) y 14 (B) del Reglamento de este Tribunal. Asimismo, debido a que la parte apelante únicamente acompañó la *Sentencia* apelada a su recurso, le ordenamos someter copias impresas del apéndice para la misma fecha. Esta fue apercibida que, el incumplimiento con lo ordenado, daría lugar a la desestimación del recurso.

---

[8] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[9] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. FSE*, supra, pág. 130.

Transcurrido el término concedido, la parte apelante no cumplió con lo ordenado. Es decir, *no acreditó haber notificado a la parte apelada, ni al foro primario sobre la presentación del recurso, ni sometió copia del apéndice* dentro del término concedido.

Según es sabido, la Regla 13 (B) del Reglamento de este Tribunal le exige a la parte apelante el deber de notificar el recurso apelativo y los Apéndices a la parte apelada dentro del término dispuesto para la presentación del recurso, siendo este un término de estricto cumplimiento.[10] De igual manera, la Regla 14(B) del aludido Reglamento, dispone que, la parte apelante deberá notificar al foro primario dentro de las setenta y dos (72) horas siguientes a la presentación del escrito de apelación, siendo este término de cumplimiento estricto.[11]

Por otro lado, la Regla 16 (E) del Reglamento de este Tribunal establece que, los escritos de apelación en los casos civiles deben contener un apéndice que incluya las alegaciones de las partes, toda moción, resolución u orden que forme parte del expediente original en el Tribunal de Primera Instancia donde se discuta cualquier asunto planteado en el escrito de apelación o que sea relevante al mismo, así como cualquier otro documento que forme parte de dicho expediente y que pueda serle útil a este Tribunal.[12]

Por consiguiente, todo lo anterior revela que el recurso ante nos, no reúne los requisitos dispuestos para el perfeccionamiento de un recurso de apelación, al incumplir con la citada Regla 13 (B), la Regla 14 (B) y la Regla 16 (E) del Reglamento de este Tribunal. Consecuentemente, procedemos a desestimar el recurso de epígrafe de conformidad con la Regla 83 (C) del Reglamento de este Tribunal[13], el cual le confiere facultad a este Tribunal para a

---

[10] 4 LPRA Ap. XXII-B, R. 13(B).
[11] 4 LPRA Ap. XXII-B, R. 13(B).
[12] 4 LPRA Ap. XXII-B, R. 16(E).
[13] 4 LPRA Ap. XXII-B, R. 83(C).

iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden se desestima el recurso de apelación por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones